# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv157

| | |
|---|---|
| GREGORY YOUNGBLOOD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **ORDER OF REMAND** |

**THIS MATTER** is before the Court on the Defendant's Consent Motion for Remand pursuant to Sentence Four of 42 U.S.C. Section 405(g) [Doc. 9].

On December 5, 2011, the Plaintiff filed his Motion for Summary Judgment. [Doc. 8]. In responding to that Motion, the Defendant determined that a remand is the appropriate disposition of this case and the Plaintiff agrees. [Doc. 9 at 1].

Sentence Four of 42 U.S.C. §405(g) provides, in pertinent part, that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a

rehearing." The parties here have moved for reversal of the decision of the Defendant and for remand for further administrative proceedings. Specifically, the parties seek remand for a new hearing.

Upon remand to the Commissioner, the Appeals Council shall require a new hearing and at which the Administrative Law Judge (ALJ) will be instructed to: (1) proceed through the sequential evaluation process; (2) if necessary, re-determine the Plaintiff's residual functional capacity consistent with the evidence of record and the ALJ's assessment of the Plaintiff's credibility; (3) express the Plaintiff's limitations in vocationally relevant terms, as required by Social Security Ruling 98-6p; (4) if necessary, re-determine whether the Plaintiff can perform his past relevant work, taking care to make the findings required by Social Security Ruling 82-62; (5) if necessary, determine whether there is other work in the national economy that the Plaintiff is able to perform; and (6) in connection with the above, obtain vocational expert testimony to determine whether the Plaintiff can perform his past relevant work or other work in significant numbers in the national economy.

Having reviewed the parties' consent motion, the Court finds that remand is appropriate. Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Consent Motion for Remand pursuant to Sentence Four of 42 U.S.C. §405(g) [Doc. 9] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 8] is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is hereby **REVERSED** and the case is hereby **REMANDED**.

**IT IS FURTHER ORDERED** that upon remand, the Commissioner shall comply with the directives contained within this Order.

The Clerk of Court shall enter separate Judgment of Remand simultaneously herewith. The Clerk of Court is notified that this is a final judgment closing the case.

Signed: February 7, 2012

Martin Reidinger
United States District Judge